## W. E. N. Mark *v.* John McGeorge.

**Slaves—Emancipation Proclamation.**

The emancipation proclamation of January 1, 1864, did not apply to slaves held in Kentucky, nor to slaves owned by persons residing in Virginia, unless they were held in slavery in that state.

**Slaves—Freedom—Loss by Owner.**

The owner of slaves at the time they were set free by amendment to the Federal Constitution must bear the loss.

### APPEAL FROM HARLAN CIRCUIT COURT.

December 19, 1872.

Opinion by Judge Lindsay:

From the agreed facts it appears that the slaves, the consideration for the undertaking sued on, left Virginia prior to June, 1862, and remained in Kentucky up to January, 1864, when they were sold to appellee.

The proclamation of emancipation issued by President Lincoln on the 1st day of January, 1864, whatever may have been the legal effect, did not apply to slaves held in Kentucky, nor to slaves owned by persons residing in Virginia, unless they were held in slavery in that state.

It is therefore manifest that these slaves were not freed until December, 1865, when the 13th article of amendment to the Federal Constitution became a part of the instrument.

When freed they were the property of appellee and he must bear the loss. The warranty contained in the bill of sale executed by appellant was not broken or violated by the abolition of slavery. He did not warrant against a change in the fundamental law of the general government.

Inasmuch as the undertaking sued on was executed upon a lawful consideration, and as the charge of fraud is wholly unsustained, even allowing appellee's answer as amended to import such a charge, the courts can not refuse to enforce it.

The judgment is reversed and the cause is remanded for a new trial upon principles consistent with this opinion.

*L. Farmer, for appellant.*